IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Judy Martin for Adam Martin, Deceased, :
:
      Plaintiff, :
:
      v. :   Civil Action No. 12-3846
:
Charles Samuels, Jr., Bryan Bledsoe, :
Unnamed Associate Warden, :
Unnamed Medical Personnel, and :
Unnamed Correction Officers, :
:
      Defendants. :

**ORDER**

AND NOW on this _____ day of _____, 2012, upon consideration of defendants' motion to transfer the case to the Middle District of Pennsylvania and plaintiff's response thereto, if any, it is hereby ORDERED that defendants' motion is GRANTED and plaintiff's complaint is hereby transferred to the Middle District of Pennsylvania.

BY THE COURT:

_____
HONORABLE LEGROME D. DAVIS
Judge, United States District Court

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Judy Martin for Adam Martin, Deceased, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 12-3846 |
| Charles Samuels, Jr., Bryan Bledsoe, Unnamed Associate Warden, Unnamed Medical Personnel, and Unnamed Correction Officers, | : |
| Defendants. | : |

**DEFENDANTS' MOTION TO TRANSFER CASE TO THE
<u>MIDDLE DISTRICT OF PENNSYLVANIA</u>**

Defendants hereby move this Court for an order transferring the case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). <u>See</u> Fed. R. Civ. Pro. 12(b)(3). The basis for this motion is more fully set forth in the accompanying memorandum of law.

Respectfully submitted,

ZANE D. MEMEGER
United States Attorney

_____
MARGARET HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

_____
JOHN T. CRUTCHLOW
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8622
john.crutchlow@usdoj.gov

Date: September 18, 2012

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Judy Martin for Adam Martin, Deceased, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 12-3846 |
| | : |
| Charles Samuels, Jr., Bryan Bledsoe, | : |
| Unnamed Associate Warden, | : |
| Unnamed Medical Personnel, and | : |
| Unnamed Correction Officers, | : |
| | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER VENUE TO THE MDDLE DISTRICT OF PENNSYLVANIA**

I. **INTRODUCTION**

Plaintiff Judy Martin ("Ms. Martin") brings this lawsuit on behalf of Adam Martin ("Mr. Martin"), her alleged deceased husband. Ms. Martin seeks monetary damages for the death of Mr. Martin, which Ms. Martin alleges was caused by physical injuries that Mr. Martin suffered while he was an inmate at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). USP Lewisburg is within the Middle District of Pennsylvania (the "Middle District").

This case should be transferred to the Middle District, because all of the allegations in plaintiff's complaint arose at USP Lewisburg, all of the witnesses to the events alleged in plaintiff's complaint are located in the Middle District, and a majority of the parties are located in the Middle District. By contrast, none of the events identified in plaintiff's complaint occurred in the Eastern District of Pennsylvania (the "Eastern District"), and none of the parties

1

or witnesses identified in plaintiff's complaint are located in the Eastern District. The case should be transferred to the Middle District for the convenience of the parties, convenience of the witnesses, and in the interests of justice.[1]

## II. ARGUMENT

Defendants respectfully request that this Court transfer this action to the Middle District for the convenience of parties and witnesses, and in the interest of justice. See 28 U.S.C. § 1404(a). The purpose of Section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); Salmon v. Aramark Food Serv., 2010 U.S. Dist. LEXIS 27692 (E.D. Pa. Mar. 18, 2010); Kielczynski v. Consolidated Rail Corp., 837 F.Supp. 687, 688 (E.D. Pa. 1993). Courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Jumara v. State Farm Insurance Co., 55 F.3d 873, 883 (3d Cir. 1995).

Courts consider the following factors to determine if a motion brought under 28 U.S.C. § 1404(a) should be granted: "(1) Is the transferee district one where the suit might have been brought? (2) Does the balance of conveniences weigh in favor of transfer? (3) Do the public interests involved weigh in favor of transfer?" Shook v. Yellowpages.com, LLC, 2011 U.S. Dist. LEXIS 72021, *3 (E.D. Pa. July 1, 2011) (citations omitted). The private interest factors affecting the convenience of the litigants include, "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining

---

[1] The U.S. Federal Courthouse in Williamsport, Pennsylvania, which serves the Middle District, is 25 miles from Lewisburg. See Google Maps, www.maps.google.com. The U.S. Federal Courthouses serving the Eastern District, located in Philadelphia and Allentown, are approximately 170 miles and 115 miles from Lewisburg respectively. Id.

2

attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Bogollagama v. Equifax Info. Servs., 2009 U.S. Dist. LEXIS 110821, *4 (E.D. Pa. Nov. 30, 2009), quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). The public interest factors include, "the local interest in having localized controversies decided at home" and "the unfairness of burdening citizens in an unrelated forum with jury duty". Bogollagama, 2009 U.S. Dist. LEXIS 110821 at *4-5.

While courts consider a plaintiff's choice of forum, "this factor is entitled to significantly less weight when the selected forum is neither [p]laintiff's residence nor the site of the events giving rise to the action." Shook, 2011 U.S. Dist. LEXIS 72021 at *5. This case should be transferred to the Middle District, because all of the events described in the complaint took place in the Middle District, Ms. Martin is incarcerated in West Virginia, and the case has no connection with the Eastern District. See 28 U.S.C. § 1404(a).

**A. The events alleged in the complaint occurred in the Middle District and all witnesses reside in the Middle District.**

The Complaint alleges that Mr. Martin died as the result of an incident that occurred on July 5, 2010 in his cell at USP Lewisburg. See Complaint at p. 3. The witnesses to this incident would likely be the decedent's cell mate, other nearby prisoners, if any, and Bureau of Prisons employees who were present during the incident and who allegedly discovered the decedent on July 6, 2010. See Complaint at p. 3. Most, if not all, of these witnesses are presumably located in the Middle District.

3

## B. The parties are all located either in the Middle District or outside of Pennsylvania.

Neither plaintiff nor defendants have any connection with the Eastern District. The Complaint alleges that Mr. Martin is deceased and that Ms. Martin is incarcerated in West Virginia. See Complaint at p. 1. Plaintiff identified two defendants by name. The first, Charles E. Samuels, Jr., is the Director of the U.S. Bureau of Prisons and is based in Washington, D.C. See Complaint at p. 2. The second, Bryan Bledsoe, is Warden of USP Lewisburg and is based at USP Lewisburg. See Complaint at p. 2. The three unnamed defendants, "Unnamed Associate Warden", "Unnamed Medical Personnel", and "Unnamed Correction Officers", are also, according to plaintiff, all based at USP Lewisburg. See Complaint at p. 2. Thus, the Eastern District is not convenient for any party, and the Middle District is convenient for the majority of defendants. Defendants raise, so as to preserve for further briefing if necessary, lack of in personam jurisdiction in the Eastern District, and reserve all other defenses.[2]

## C. The Middle District is the Most Appropriate Venue for Plaintiff's Case.

All factors weigh in favor of transferring venue to the Middle District. Plaintiff could have brought this suit in the Middle District in the first instance. The convenience of the parties and the witnesses weigh heavily in favor of transferring the case to the Middle District, because all witnesses, all evidence, and most of the parties are in the Middle District. See e.g. Bogollagama, 2009 U.S. Dist. LEXIS 110821 at *4. Conversely, no witnesses, no evidence, and no parties are in the Eastern District. The public interests also weigh heavily in favor of transfer to the Middle District. The Middle District has an interest in resolving conflicts arising from a

---

[2] Federal defendants do not waive any defenses in this matter, and specifically do not waive any defenses available under Rule 12(b). Defendants intend to raise all applicable defenses when it is procedurally appropriate, after the Court rules on defendants' Motion to Transfer Venue.

4

federal penitentiary located within its boundaries, and an Eastern District jury should not be burdened with a dispute that has no relationship to the Eastern District. See e.g. id at *4-5.

### III. CONCLUSION

Plaintiffs' claim arose from alleged actions at USP Lewisburg in the Middle District. There is absolutely no connection between the Eastern District and the allegations in this case. Therefore, the case should be transferred to the Middle District of Pennsylvania for the convenience of the parties and in the interest of justice, pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

ZANE D. MEMEGER
United States Attorney


/s/ [signature]
MARGARET HUTCHINSON
Assistant United States Attorney
Chief, Civil Division


/s/ [signature]
JOHN T. CRUTCHLOW
Assistant United States Attorney

Date: September 18, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing to be served by first-class United States mail, postage prepaid, upon the following:

> Judy Martin 20949-076
> Federal Prison Camp Alderson
> P.O. Box A
> Alderson, WV 24910
> *Pro Se*

*[signature]*
John T. Crutchlow
Assistant United States Attorney

Dated: September 18, 2012